1  LATHAM & WATKINS LLP
2    Perry J. Viscounty (Bar No. 132143)
     David D. Troutman (Bar No. 261556)
3  *perry.viscounty@lw.com*
   *david.troutman@lw.com*
4  650 Town Center Drive, 20th Floor
   Costa Mesa, California  92626-1925
5  (714) 540-1235 / (714) 755-8290 Fax

6  LATHAM & WATKINS LLP
7    Jennifer L. Barry (Bar No. 228066)
   *jennifer.barry@lw.com*
8  600 West Broadway, Suite 1800
   San Diego, California  92101-3375
9  (619) 236-1234 / (619) 696-7419 Fax

10 Attorneys for Plaintiff
11 PAUL FRANK INDUSTRIES LLC

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15 PAUL FRANK INDUSTRIES LLC, a       CASE NO.
   Delaware limited liability company,
16                                    CV13-01664E

                                      Complaint For:
17              Plaintiff,
                                      (1) Trademark Counterfeiting (Lanham Act,
18    v.                                  15 U.S.C. § 1114)

19 COASTAL CONTACTS INC., a           (2) Trademark Infringement (Lanham Act,
   Canadian corporation; COASTAL          15 U.S.C. § 1114)
20 VISION (US) INC., a Nevada
   corporation; and DOES 1-10,       (3) Unfair Competition/False Designation
21                                       Of Origin (Lanham Act, 15 U.S.C.
                Defendants.              § 1125(a))
22
                                      (4) Trademark Dilution (Lanham Act, 15
23                                        U.S.C. § 1125(c))

24                                    (5) Copyright Infringement (Copyright Act,
                                         17 U.S.C. § 501)
25
                                      (6) Unfair Competition (Cal. Bus. & Prof.
26                                        Code § 17200 *et seq.*)

27                                    (7) Common Law Trademark Infringement

28                                    (8) Common Law Unfair Competition

                                      **Demand For Jury Trial**

1    Plaintiff Paul Frank Industries LLC ("Paul Frank"), for its Complaint against
2    Coastal Contacts Inc. ("Coastal Contacts"), Coastal Vision (US) Inc. ("Coastal
3    Vision") and Does 1-10 (the "Doe Defendants") (collectively, "Defendants"),
4    alleges as follows:

5                              **Nature of Action**

6         1.    Paul Frank began in the mid-1990s as an independent accessories
7    company in a Southern California beach town.  Since its inception, the Paul Frank
8    brand has steadily grown to become a globally recognized, iconic brand that
9    features artistic and entertaining designs inspired by a love of avant-garde, modern
10   influences and everyday objects.  By creating relationships through exciting
11   collaborations and strategic licensing partnerships, authorized merchandise sold
12   under the Paul Frank brand includes accessories and apparel for all ages, books,
13   home decor, bicycles, eyewear, and more.  Paul Frank owns valuable and
14   longstanding trademark rights in various marks related to its brand.

15        2.    On information and belief, Coastal Contacts is an online retailer of
16   eyeglasses and contact lenses, offering such products for sale through a number of
17   different websites owned by Coastal Contacts, including the website located at
18   <www.coastal.com>.  The products offered for sale by Coastal Contacts include
19   eyeglasses that are not authentic Paul Frank-branded products but nevertheless
20   bear and/or are marketed under one or more of Paul Frank's valuable trademarks or
21   spurious designations that are identical thereto and/or substantially
22   indistinguishable therefrom.  Despite being notified that such products are not
23   authentic and are not authorized to bear or to be sold under the Paul Frank marks
24   or brand, Coastal Contacts has continued to offer such products for sale on its
25   websites.

26        3.    Accordingly, in order to put a stop to Defendants' unlawful conduct
27   and obtain compensation for the violations that have occurred thus far, Paul Frank
28   brings this action for federal trademark counterfeiting and infringement, false

1    designation of origin, dilution, and unfair competition in violation of the Lanham

2    Act, 15 U.S.C. § 1051, *et seq.*; copyright infringement in violation of the Copyright

3    Act, 17 U.S.C. § 501; unfair competition in violation of Cal. Bus. & Prof. Code

4    § 17200 *et seq.*; and common law trademark infringement and unfair competition

5    under California law.

6                                **The Parties**

7          4.     Paul Frank Industries LLC is a Delaware limited liability company,

8    having its principal place of business at 10100 Santa Monica Blvd., Suite 500, Los

9    Angeles, California 90067.

10         5.     On information and belief, Coastal Contacts Inc. is a corporation

11   organized and existing under the laws of British Columbia, Canada, having its

12   principal place of business at 2985 Virtual Way, Suite 320, Vancouver, British

13   Columbia, Canada, V5M 4X7.  On information and belief, Coastal Contacts

14   maintains its principal place of business in the United States at 1755 Boblett Street,

15   Blaine, Washington 98230.

16         6.     On information and belief, Coastal Vision (US) Inc. is a corporation

17   organized and existing under the laws of Nevada, having its principal place of

18   business at One East Liberty Street #424, Reno, Nevada 89501.  On information

19   and belief, Coastal Vision is owned by or otherwise affiliated with Coastal

20   Contacts, as Coastal Vision's sole officer is Roger V. Hardy, the Founder and CEO

21   of Coastal Contacts.

22         7.     Paul Frank is ignorant of the true names of Doe Defendants 1

23   through 10, inclusive, and therefore sues those defendants by such fictitious names.

24   Paul Frank is informed and believes, and on that basis alleges, that Doe Defendants

25   1 through 10, inclusive, are responsible for the acts alleged in this Complaint.

26   When the true names of such fictitious defendants are ascertained, Paul Frank will

27   seek leave of this Court to amend this Complaint to name those individuals or

28   entities.

1    8.    Paul Frank is informed and believes, and on that basis alleges, that

2    each of the Defendants was the agent and employee of the remaining Defendants

3    and, at all times mentioned, acted within the course and scope of such agency and

4    employment.

5    **Jurisdiction and Venue**

6    9.    This is a civil action alleging trademark counterfeiting and

7    infringement, false designation of origin, dilution, and unfair competition under the

8    Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a), (c); copyright infringement under the

9    Copyright Act, 17 U.S.C. § 501; unfair competition under California Business &

10   Professions Code §§ 17200 *et seq.*; and California common law trademark

11   infringement and unfair competition.

12   10.    This Court has exclusive subject matter jurisdiction over Paul

13   Frank's copyright infringement claim under the Copyright Act pursuant to 28

14   U.S.C. § 1338(a).  Pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), this

15   Court has subject matter jurisdiction over Paul Frank's claims for relief for

16   violation of the federal trademark and unfair competition statutes.  Pursuant to 28

17   U.S.C. § 1338(b), this Court has supplemental jurisdiction over Paul Frank's state

18   law unfair competition claims, in that the claims are joined with substantial and

19   related claims under the Lanham Act.  This Court also has supplemental

20   jurisdiction over Paul Frank's state law claims pursuant to 28 U.S.C. § 1367(a), in

21   that all of Paul Frank's claims arise out of a common nucleus of operative facts.

22   11.    This Court has personal jurisdiction over Defendants because, on

23   information and belief, Defendants have conducted substantial business in the State

24   of California and attempted to derive financial benefits from residents of the State

25   of California, including by marketing and selling their products to residents of the

26   State of California and otherwise placing infringing products into the stream of

27   commerce, with the knowledge or understanding that such products are sold in the

28   State of California, including within this District.

LATHAM&WATKINS┴┴┴ OC\1506687.1
ATTORNEYS AT LAW
ORANGE COUNTY

3

Complaint
Demand for Jury Trial

1    12.    Venue in this Court is proper under 28 U.S.C. § 1391(b), (c),

2    because, on information and belief, Defendants transact business within this

3    District and have marketed and sold in this District products that infringe Paul

4    Frank's trademark rights, and a substantial part of the events giving rise to the

5    claims alleged in this Complaint occurred in this District.

6                    **Facts Common to All Claims for Relief**

7                    ***Paul Frank's Trademark Rights***

8    13.    Paul Frank owns U.S. Federal Trademark Registration No.

9    3,726,765 for the mark PAUL FRANK in connection with, among other things,

10   sunglasses, eyeglass frames and cases therefore, and prescription lens eyeglass

11   frames and cases therefore in Class 9; watches, bracelets, jewelry, clocks, key

12   rings, and key chains in Class 14; handbags, wallets, purses, coin purses,

13   backpacks, book bags, tote bags, and shoulder bags in Class 18; clothing, namely t-

14   shirts, shirts, dresses, sweaters, blouses, pants, undershirts, skirts, jackets,

15   sweatshirts, tank tops, jeans, shorts, skorts, overalls, pajamas, loungewear, socks,

16   bras, underwear, ponchos, scarves, gloves, belts, footwear, namely, shoes, slippers,

17   thongs, mukluks, and headwear, namely, hats, beanies, baseball caps, and berets in

18   Class 25 (the "'765 Registration"). The '765 Registration was issued by the

19   United States Patent and Trademark Office ("USPTO") in December 2009 and

20   reflects a first use date of at least as early as January 2001. The '765 Registration

21   constitutes prima facie evidence that the PAUL FRANK mark is valid and that

22   Paul Frank is entitled to the exclusive use of the PAUL FRANK mark throughout

23   the United States in connection with, among other things, the above-enumerated

24   goods.

25   14.    Through extensive use, marketing, branding, and promotion, the

26   PAUL FRANK mark is well-known and famous, enjoying substantial recognition,

27   goodwill and association with Paul Frank. The fame of the PAUL FRANK mark

28   has been expressly confirmed in an Order issued on August 21, 2007 by the United

States District Court for the Central District of California in *Paul Frank Industries, Inc. v. Sunich et al.*, Case No. SACV 07-0609 CJC (ANx) (the "C.D. Cal. Order"). The PAUL FRANK mark is distinctive and has acquired secondary meaning in the United States, as also expressly confirmed by the C.D. Cal Order.

15.    Since at least as early as 1995, Paul Frank has developed and continuously used the following logo, or variations thereof, on or in connection with various goods in interstate commerce throughout the United States and throughout the world ("the Julius Logo"):



16.    Paul Frank is the owner of a number of federal trademark registrations and applications on the Julius Logo and variations thereof.

17.    Paul Frank owns the incontestable U.S. Federal Trademark Registration No. 2,325,420 for the Julius Logo in connection with, among other things, backpacks, wallets, traveling bags, purses, handbags and coin purses in Class 18; clothing, namely t-shirts, socks, hats, beanies, baseball caps, shoes, floppy hats, jeans, shorts, sweatshirts, and wovens, namely pajamas, shirts and pants in Class 25 (the "'420 Registration"). The '420 Registration was issued by the USPTO in March 2000 and reflects a first use date of at least as early as November 1995. The '420 Registration constitutes prima facie evidence that the Julius Logo is a valid mark and that Paul Frank is entitled to the exclusive use of the Julius Logo throughout the United States in connection with, among other things, the above-enumerated goods.

18.    Paul Frank owns the incontestable U.S. Federal Trademark Registration No. 2,571,471 for the Julius Logo in connection with, among other

1  things, watches in Class 14 (the "'471 Registration"). The '471 Registration was
2  issued by the USPTO in May 2002 and reflects a first use date of at least as early
3  as November 1995. The '471 Registration constitutes prima facie evidence that the
4  Julius Logo is a valid mark and that Paul Frank is entitled to the exclusive use of
5  the Julius Logo throughout the United States in connection with, among other
6  things, watches in Class 14.

7       19.    Paul Frank is the owner of the Federal Trademark Application
8  identified by Serial No. 85/768099 (the "'099 Application") which specifically
9  covers use of the following variation of the Julius Logo in connection with, among
10 other things, eyewear, namely, sunglasses, eyeglasses and ophthalmic frames and
11 cases therefore, in Class 9:

12
13 
14
15
16
17 The '099 Application was filed with the USPTO on October 31, 2012 and reflects
18 a first use date of at least as early as September 16, 2010.

19      20.    Through extensive use, marketing, branding, and promotion, the
20 Julius Logo is well-known and famous, enjoying substantial recognition, goodwill
21 and association with Paul Frank.

22      21.    As a result of Paul Frank's long and continuous actual use of the
23 variation of the Julius Logo depicted in the '099 Application, Paul Frank has
24 developed extensive common law rights in that mark.

25      22.    As a result of Paul Frank's continuous use of the PAUL FRANK
26 mark (including the '765 Registration) and the Julius Logo (including the '420
27 Registration, the '471 Registration, and the variation depicted in the '099
28 Application), the PAUL FRANK mark and the Julius Logo have become assets of

1  substantial value to Paul Frank as distinctive indicators of the origin and quality of

2  Paul Frank-branded products, including Paul Frank-branded eyewear.

3        23.    Paul Frank also owns the U.S. Federal Copyright Registration No.

4  Vau000618964 for the image depicted by the Julius Logo (the "'964

5  Registration").  The '964 Registration was registered with the United States

6  Copyright Office in April 2004 and reflects a date of creation at least as early as

7  1995.  The '964 Registration constitutes prima facie evidence of the validity of

8  Paul Frank's copyright for the image depicted by the Julius Logo and of the facts

9  stated in the registration certificates.

10  ***Defendants' Marketing and Sales of Unauthorized and Counterfeit***

11  ***Paul Frank-Branded Eyeglasses***

12        24.    On information and belief, Coastal Contacts is an online retailer of

13  eyeglasses and contact lenses, offering such products for sale through a number of

14  different websites owned by Coastal Contacts, including the following websites:

15  <www.coastal.com>, <www.clearlycontacts.ca>, <www.clearlycontacts.com.au>,

16  <www.clearlycontacts.co.nz>, <www.lensway.co.uk>, and

17  <www.contactsan.com> (the "Coastal Websites").

18        25.    In or around October 2012, Paul Frank became aware that Coastal

19  Contacts was offering eyeglasses for sale on one or more of the Coastal Websites

20  (including, specifically, the website located at <www.coastal.com>) that bore the

21  PAUL FRANK mark and were being marketed in conjunction with the Julius

22  Logo, including the variation depicted in the '099 Application.  These purportedly

23  Paul Frank-branded eyeglasses were being offered for sale at prices significantly

24  below the manufacturer's suggested retail price.

25        26.    On or about October 29, 2012, Paul Frank conducted a test

26  purchase of two of the purportedly Paul Frank-branded eyeglasses offered for sale

27  at the <www.coastal.com> website:  (1) the product identified as "Frames – Paul

28  Frank RX25 Beat Poet Holiday Dark Brown," and (2) the product identified as

1  "Paul Frank 167 Indigo Intuition – Burgundy Seafoam."

2       27.   From this test purchase, Paul Frank determined that both pairs of

3  purportedly Paul Frank-branded eyeglasses that it purchased and received from

4  Coastal Contacts were counterfeit.

5       28.   In or around November 2012, Paul Frank became aware that United

6  States Customs and Border Protection ("CBP") officials in Blaine, Washington,

7  had detained a shipment of purportedly Paul Frank-branded eyeglasses intended

8  for Coastal Contacts on the suspicion that the eyeglasses were counterfeits.

9       29.   On or about January 10, 2013, Paul Frank notified Coastal Contacts

10  that Paul Frank-branded eyeglasses being marketed for sale on the Coastal

11  Websites had been determined to be counterfeit, and requested that Coastal

12  Contacts identify its supplier(s) of the counterfeit eyeglasses and cease and desist

13  from offering or selling such products going forward.  Coastal Contacts stated that

14  it would not stop selling the glasses nor would it divulge the name of its

15  supplier(s).

16       30.   On or about January 14, 2013, Paul Frank reiterated its requests to

17  Coastal Contacts.  Again, Coastal Contacts refused to stop selling the counterfeit

18  glasses and refused to identify its supplier(s).

19       31.   In or around January 2013, Paul Frank received further notification

20  from CBP officials in Blaine, Washington regarding the seizure of eyeglass frames

21  "which bear marks which constitute counterfeit copies of [a Paul Frank] registered

22  trademark."  CBP identified Coastal Vision as the importer of the seized shipment

23  of counterfeit eyeglass frames.

24       **FIRST CLAIM FOR RELIEF**

25       **Lanham Act – Trademark Counterfeiting – 15 U.S.C. § 1114**

26       32.   Paul Frank incorporates by reference the factual allegations set

27  forth above.

28       33.   Paul Frank is the owner of all rights, title, and interest in and to the

1  '765 Registration, including the right to sue for and recover all past, present and
2  future damages for infringement of the rights conferred by the '765 Registration.

3       34.    The trademark reflected in the '765 Registration is famous, strong
4  and distinctive, designating all products advertised, marketed, sold or used in
5  connection with the PAUL FRANK mark as genuine or authorized Paul Frank
6  products.

7       35.    As described above, Defendants have used and continue to use in
8  interstate commerce spurious designations that are identical to, or substantially
9  indistinguishable from, the PAUL FRANK mark, in association with the marketing
10 and sale of eyewear that neither originates from nor is authorized by Paul Frank.

11      36.    Defendants do not have authorization, license or permission from
12 Paul Frank to use the PAUL FRANK mark or spurious designations that are
13 identical thereto or substantially indistinguishable therefrom.

14      37.    On information and belief, the foregoing acts of Defendants were
15 and are intended to confuse consumers into believing that Defendants' counterfeit
16 products originated from, are licensed, sponsored or approved by, or are somehow
17 affiliated, connected, or associated with Paul Frank.  On information and belief,
18 Defendants have acted with knowledge of Paul Frank's ownership of the PAUL
19 FRANK mark and with deliberate intention or willful blindness to unfairly benefit
20 from the incalculable goodwill inherent in the PAUL FRANK mark.  Thus,
21 Defendants' unauthorized use of the PAUL FRANK mark or spurious designations
22 that are identical thereto or substantially indistinguishable therefrom was, and
23 continues to be, knowing, intentional, and willful.

24      38.    On information and belief, the foregoing acts of Defendants have
25 caused and are likely to continue to cause confusion or mistake, or to deceive as to
26 the source, origin, affiliation or sponsorship of Defendants' products.

27      39.    As a direct and proximate result of Defendants' wrongful conduct,
28 Paul Frank has been and will continue to be damaged.

40.     On information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

41.     Defendants' actions thus constitute trademark counterfeiting in violation of the Lanham Act, 15 U.S.C. §1114.

42.     Unless an injunction is issued enjoining any continuing or future use by Defendants of the PAUL FRANK mark or spurious designations that are identical thereto or substantially indistinguishable therefrom, such continuing or future use is likely to continue to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship, and thereby to damage Paul Frank irreparably.

43.     Defendants' activities have caused and will cause irreparable harm to Paul Frank for which it has no adequate remedy at law, in that (i) the PAUL FRANK mark comprises a unique and valuable property right that has no readily determinable market value; (ii) Defendants' infringement constitutes an interference with Paul Frank's goodwill and customer relationships and will substantially harm Paul Frank's reputation as a source of high quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to Paul Frank, are continuing.  Accordingly, Paul Frank is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

44.     In light of the foregoing, Paul Frank is also entitled to recover from Defendants all damages, including attorneys' fees, that Paul Frank has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. §1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

## Lanham Act - Federal Trademark Infringement - 15 U.S.C. § 1114

45.     Paul Frank incorporates by reference the factual allegations set forth above.

46.     Paul Frank is the owner of all rights, title, and interest in and to the '765 Registration, the '420 Registration, and the '471 Registration (collectively, the "Paul Frank Registrations"), including the right to sue for and recover all past, present and future damages for infringement of the rights conferred by the Paul Frank Registrations.

47.     The trademarks reflected in the Paul Frank Registrations are famous, strong and distinctive, designating all products advertised, marketed, sold or used in connection with the the PAUL FRANK mark or the Julius Logo (collectively, the "Paul Frank Trademarks") as genuine or authorized Paul Frank products.

48.     As described above, Defendants have used and continue to use in interstate commerce spurious designations that are identical to, or substantially indistinguishable from, the Paul Frank Trademarks, in association with the marketing and sale of eyewear that neither originates from nor is authorized by Paul Frank.

49.     Defendants do not have authorization, license or permission from Paul Frank to use the Paul Frank Trademarks or spurious designations that are identical thereto or substantially indistinguishable therefrom.

50.     On information and belief, the foregoing acts of Defendants were and are intended to confuse consumers into believing that Defendants' counterfeit products originated from, are licensed, sponsored or approved by, or are somehow affiliated, connected, or associated with Paul Frank.  On information and belief, Defendants have acted with knowledge of Paul Frank's ownership of the Paul Frank Trademarks and with deliberate intention or willful blindness to unfairly

1 | benefit from the incalculable goodwill inherent in the Paul Frank Trademarks.

2 | Thus, Defendants' unauthorized use of the Paul Frank Trademarks or spurious

3 | designations that are identical thereto or substantially indistinguishable therefrom

4 | was, and continues to be, knowing, intentional, and willful.

5 |        51.    On information and belief, the foregoing acts of Defendants have

6 | caused and are likely to continue to cause confusion or mistake, or to deceive as to

7 | the source, origin, affiliation or sponsorship of Defendants' products.

8 |        52.    As a direct and proximate result of Defendants' wrongful conduct,

9 | Paul Frank has been and will continue to be damaged.

10 |        53.    Defendants' actions thus constitute trademark infringement in

11 | violation of the Lanham Act, 15 U.S.C. §1114.

12 |        54.    Unless an injunction is issued enjoining any continuing or future

13 | use by Defendants of the Paul Frank Trademarks or spurious designations that are

14 | identical thereto or substantially indistinguishable therefrom, such continuing or

15 | future use is likely to continue to cause confusion, mistake or to deceive as to

16 | source, origin, affiliation or sponsorship, and thereby to damage Paul Frank

17 | irreparably.

18 |        55.    Defendants' activities have caused and will cause irreparable harm

19 | to Paul Frank for which it has no adequate remedy at law, in that (i) the Paul Frank

20 | Trademarks comprise unique and valuable property rights that have no readily

21 | determinable market value; (ii) Defendants' infringement constitutes an

22 | interference with Paul Frank's goodwill and customer relationships and will

23 | substantially harm Paul Frank's reputation as a source of high quality goods and

24 | services; and (iii) Defendants' wrongful conduct, and the damages resulting to Paul

25 | Frank, are continuing.  Accordingly, Paul Frank is entitled to injunctive relief

26 | pursuant to 15 U.S.C. § 1116(a).

27 |        56.    In light of the foregoing, Paul Frank is also entitled to recover from

28 | Defendants all damages that Paul Frank has sustained and will sustain as a result of

1  such infringing acts, and all gains, profits and advantages obtained by Defendants

2  as a result thereof, in an amount not yet known, as well as the costs of this action

3  pursuant to 15 U.S.C. §1117(a), attorneys' fees and treble damages pursuant to 15

4  U.S.C. § 1117(b).

5      57.    Defendants' acts make this an exceptional case under 15 U.S.C.

6  § 1117(a), and Paul Frank is thus entitled to an award of attorneys' fees and costs.

7  **THIRD CLAIM FOR RELIEF**

8  **Lanham Act - Unfair Competition and False Designation of Origin -**

9  **15 U.S.C. § 1125(a)**

10      58.    Paul Frank incorporates by reference the factual allegations set

11  forth above.

12      59.    The Paul Frank Trademarks are famous, strong and distinctive,

13  designating all products advertised, marketed, sold or used in connection with the

14  PAUL FRANK mark or Julius Logo as genuine or authorized Paul Frank products.

15      60.    Paul Frank is the senior user of the Paul Frank Trademarks, as it

16  began use of the mark in interstate commerce prior to Defendants' first use of the

17  accused marks.

18      61.    The variation of the Julius Logo depicted in the '099 Application is

19  strong and distinctive, designating all products advertised, marketed, sold or used

20  in connection with that mark as genuine or authorized Paul Frank products.

21      62.    Paul Frank is the senior user of the variation of the Julius Logo

22  depicted in the '099 Application, as it began use of the mark in interstate

23  commerce prior to Defendants' first use of the accused marks.

24      63.    Defendants were aware of the Paul Frank Trademarks and the '099

25  Application, as Defendants were on constructive notice based on Paul Frank's

26  longstanding federal registrations and applications, and were put on actual notice at

27  least as early as January 10, 2013, the date of Paul Frank's first correspondence

28  with Coastal Contacts regarding Defendants' counterfeiting activities and ongoing

1   infringement of Paul Frank's valuable trademarks.

2       64.    On information and belief, the foregoing acts of Defendants were
3   and are intended to confuse and mislead consumers into falsely believing that
4   Defendants' counterfeit products that incorporate or were or are advertised,
5   marketed, or sold in connection with the Paul Frank Trademarks or the variation of
6   the Julius Logo depicted in the '099 Application or spurious designations that are
7   identical thereto or substantially indistinguishable therefrom originated from, are
8   licensed, sponsored or approved by, or are somehow affiliated, connected, or
9   associated with Paul Frank.

10      65.    In fact, there is no connection, association, or licensing relationship
11  between Paul Frank and Defendants, nor has Paul Frank ever authorized, licensed
12  or given permission to Defendants to use the Paul Frank Trademarks or the
13  variation of the Julius Logo depicted in the '099 Application in any manner
14  whatsoever.

15      66.    On information and belief, the foregoing acts of Defendants have
16  caused and are likely to continue to cause confusion or mistake, or to deceive as to
17  the origin and authenticity of Defendants' purportedly Paul Frank-branded
18  products and are likely to cause the mistaken belief that there is a relationship
19  between Defendants and Paul Frank.

20      67.    As a direct and proximate result of Defendants' wrongful conduct,
21  Paul Frank has been and will continue to be damaged.

22      68.    On information and belief, Defendants have made and will continue
23  to make substantial profits and gains to which they are not in law or equity entitled.

24      69.    Defendants' actions thus constitute false designation of origin and
25  unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

26      70.    Unless an injunction is issued enjoining any continuing or future
27  use by Defendants of the Paul Frank Trademarks and the variation of the Julius
28  Logo depicted in the '099 Application or spurious designations that are identical

1   thereto or substantially indistinguishable therefrom, such continuing or future use
2   is likely to continue to cause confusion, mistake or to deceive as to source, origin,
3   affiliation or sponsorship, and thereby to damage Paul Frank irreparably.

4        71.   Defendants' activities have caused and will cause irreparable harm
5   to Paul Frank for which it has no adequate remedy at law, in that (i) the Paul Frank
6   Trademarks and the'099 Application comprise unique and valuable property rights
7   that have no readily determinable market value; (ii) Defendants' infringement
8   constitutes an interference with Paul Frank's goodwill and customer relationships
9   and will substantially harm Paul Frank's reputation as a source of high quality
10  goods and services; and (iii) Defendants' wrongful conduct, and the damages
11  resulting to Paul Frank, are continuing.  Accordingly, Paul Frank is entitled to
12  injunctive relief pursuant to 15 U.S.C. § 1116(a).

13       72.   In light of the foregoing, Paul Frank is also entitled to recover from
14  Defendants all damages that Paul Frank has sustained and will sustain as a result of
15  such infringing acts, and all gains, profits and advantages obtained by Defendants
16  as a result thereof, in an amount not yet known, as well as the costs of this action
17  pursuant to 15 U.S.C. §1117(a), attorneys' fees and treble damages pursuant to 15
18  U.S.C. § 1117(b).

19       73.   Defendants' acts make this an exceptional case under 15 U.S.C.
20  § 1117(a), and Paul Frank is thus entitled to an award of attorneys' fees and costs.

21                    **FOURTH CLAIM FOR RELIEF**
22      **Lanham Act – Federal Trademark Dilution – 15 U.S.C. § 1125(c)**

23       74.   Paul Frank incorporates by reference the factual allegations set
24  forth above.

25       75.   Through extensive use, marketing, branding, and promotion, the
26  Paul Frank Trademarks are well-known and famous within the meaning of 15
27  U.S.C. § 1125(c).

28       76.   After the Paul Frank Trademarks became famous and well-known,

1  Defendants have used in commerce in connection with the sale of their products
2  the Paul Frank Trademarks or spurious designations that are identical thereto or
3  substantially indistinguishable therefrom, in disregard of Paul Frank's rights and in
4  a manner that has caused and is likely to continue to cause confusion or mistake, or
5  to deceive as to the origin and authenticity of Defendants' purportedly Paul Frank-
6  branded products and is likely to cause the mistaken belief that Defendants'
7  counterfeit products are licensed, sponsored or approved by, or are somehow
8  affiliated, connected, or associated with Paul Frank.

9      77.   The foregoing acts of Defendants have diluted and continue to
10 dilute the unique and distinctive quality of the Paul Frank Trademarks in violation
11 of 15 U.S.C. § 1125(c).

12     78.   On information and belief, Defendants acted knowingly,
13 deliberately and willfully with the intent to trade on the reputation of the Paul
14 Frank brand, and to dilute the Paul Frank Trademarks.

15     79.   As a direct and proximate result of Defendants' willful dilution of
16 the Paul Frank Trademarks, Paul Frank has been and will continue to be damaged.

17     80.   Defendants' willful dilution of the Paul Frank Trademarks has
18 caused, and if not enjoined, will continue to cause, Paul Frank to suffer irreparable
19 harm for which there is no adequate remedy at law.  Accordingly, Paul Frank is
20 entitled to injunctive relief enjoining Defendants from their unlawful activities.

21     81.   Defendants' willful conduct renders this case an exceptional case,
22 further entitling Paul Frank to recover its attorneys' fees and costs of suit pursuant
23 to 15 U.S.C. § 1117.

24              **FIFTH CLAIM FOR RELIEF**
25         **Copyright Infringement – 17 U.S.C. § 501**

26     82.   Paul Frank incorporates by reference the factual allegations set
27 forth above.

28     83.   Paul Frank owns the copyright, and the '964 Registration, for the

1  Julius Logo.

2      84.     Defendants infringed Paul Frank's copyrights by copying and

3  displaying the Julius Logo on the Coastal Websites without Paul Frank's

4  permission in connection with Defendants' marketing and sales of unauthorized

5  and counterfeit Paul Frank products.

6      85.     On information and belief, Defendants' actions were knowing,

7  intentional and willful.

8      86.     Defendants' infringing acts have caused, and continue to cause,

9  irreparable injury to Paul Frank.  Paul Frank has no adequate remedy at law.

10  Accordingly, Paul Frank is entitled to an injunction pursuant to 17 U.S.C. § 502.

11      87.     Paul Frank is further entitled to its actual damages and Defendants'

12  profits, pursuant to 17 U.S.C. § 504(a).

13      88.     Alternatively, Paul Frank is entitled to elect statutory damages

14  instead of actual damages and profits, pursuant to 17 U.S.C. § 504(c), including

15  enhanced statutory damages due to Defendants' willful infringement.

16      89.     Paul Frank is entitled to its attorneys' fees and costs pursuant to 17

17  U.S.C. § 505.

18      **SIXTH CLAIM FOR RELIEF**

19      **Unfair Competition – Cal. Bus. & Prof. Code §§ 17200 *et seq.***

20      90.     Paul Frank incorporates by reference the factual allegations set

21  forth above.

22      91.     The above-described acts and practices by Defendants are likely to

23  confuse, mislead or deceive the general public and therefore constitute unfair and

24  fraudulent business practices in violation of California Business & Professions

25  Code §§ 17200, *et seq.*

26      92.     The above-described acts further constitute business acts that

27  violate Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and

28  are therefore unlawful.

1       93.    The above-described acts further constitute business acts that

2  violate the Copyright Act, 17 U.S.C. § 501, and are therefore unlawful.

3       94.    The unfair, unlawful, and fraudulent business practices of

4  Defendants described above present a continuing threat and are meant to deceive

5  members of the public.

6       95.    As a direct and proximate result of Defendants' wrongful conduct,

7  Paul Frank has been injured in fact and has lost money and profits, and has

8  suffered injury to its reputation and goodwill.  Such harm will continue unless

9  Defendants' acts are enjoined by the Court.  Paul Frank has no adequate remedy at

10  law.  Accordingly, Paul Frank is entitled to an injunction prohibiting Defendants

11  from continuing the practices described above.

12               **SEVENTH CLAIM FOR RELIEF**

13            **Common Law Trademark Infringement**

14       96.    Paul Frank incorporates by reference the factual allegations set

15  forth above.

16       97.    Paul Frank has valid and protectable common law rights in the Paul

17  Frank Trademarks, including the variation of the Julius Logo depicted in the '099

18  Application.

19       98.    Paul Frank is the senior user of the Paul Frank Trademarks,

20  including the variation of the Julius Logo depicted in the '099 Application.

21       99.    Defendants' conduct, as described above, constitutes infringement

22  of Paul Frank's common law rights in the Paul Frank Trademarks, including the

23  variation of the Julius Logo depicted in the '099 Application.

24       100.   Defendants' use of the Paul Frank Trademarks, including the

25  variation of the Julius Logo depicted in the '099 Application, or spurious

26  designations that are identical thereto or substantially indistinguishable therefrom

27  on or in connection with unauthorized, counterfeit products, as described above, is

28  likely to cause confusion as to the origin of Defendants' products and is likely to

1   cause the mistaken belief that there is a relationship between Defendants and Paul

2   Frank.

3        101.   Defendants' wrongful acts have permitted and will permit them to

4   receive substantial profits based upon the strength of the reputation of Paul Frank

5   and the substantial goodwill it has built up in the Paul Frank Trademarks, including

6   the variation of the Julius Logo depicted in the '099 Application.

7        102.   As a direct and proximate result of Defendants' wrongful conduct,

8   Paul Frank has been and will continue to be damaged.

9        103.   Unless an injunction is issued enjoining any continuing or future

10   use by Defendants of the Paul Frank Trademarks, including the variation of the

11   Julius Logo depicted in the '099 Application, or spurious designations that are

12   identical thereto or substantially indistinguishable therefrom, such continuing or

13   future use is likely to continue to cause confusion, mistake or to deceive as to

14   source, origin, affiliation or sponsorship, and thereby to damage Paul Frank

15   irreparably.  Paul Frank has no adequate remedy at law.

16                   **EIGHTH CLAIM FOR RELIEF**

17                   **Common Law Unfair Competition**

18        104.   Paul Frank incorporates by reference the factual allegations set

19   forth above.

20        105.   Paul Frank has expended significant time and expense in

21   developing the Paul Frank Trademarks and the variation of the Julius Logo

22   depicted in the '099 Application, and the high-quality products it markets and sells

23   under those marks.  The Paul Frank Trademarks and the variation of the Julius

24   Logo depicted in the '099 Application have been very successful and have

25   developed a substantial reputation and goodwill in the marketplace.

26        106.   Through their actions as described above, Defendants have

27   misappropriated Paul Frank's efforts and are exploiting the Paul Frank brand and

28   Paul Frank's reputation to market and sell counterfeit products by utilizing the Paul

1    Frank Trademarks, the variation of the Julius Logo depicted in the '099

2    Application, or spurious designations that are identical thereto or substantially

3    indistinguishable therefrom.  These actions constitute unfair competition.

4         107.   As a direct and proximate result of Defendants' wrongful conduct,

5    Paul Frank has been and will continue to be damaged.

6         108.   Unless an injunction is issued enjoining Defendants' unfairly

7    competitive conduct, Paul Frank will continue to be damaged irreparably.  Paul

8    Frank has no adequate remedy at law.

9         109.   On information and belief, Defendants have acted willfully,

10   intentionally and maliciously, such that Paul Frank is entitled to punitive damages.

11                              **PRAYER**

12        WHEREFORE, PAUL FRANK prays for the following relief:

13        A.  A judgment that, by the acts complained of above, Defendants have

14   committed trademark counterfeiting in violation of 15 U.S.C. § 1114.

15        B.  A judgment that, by the acts complained of above, Defendants have

16   infringed the Paul Frank Registrations in violation of 15 U.S.C. § 1114.

17        C.  A judgment that, by the acts complained of above, Defendants have

18   created a false designation of origin and/or a false representation of association, in

19   violation of 15 U.S.C. § 1125(a).

20        D.  A judgment that, by the acts complained of above, Defendants have

21   diluted the unique and distinctive quality of the Paul Frank Trademarks, in

22   violation of 15 U.S.C. § 1125(c).

23        E.  A judgment that, by the acts complained of above, Defendants have

24   engaged in copyright infringement, in violation of 17 U.S.C. §501.

25        F.  A judgment that, by the acts complained of above, Defendants have

26   engaged in unfair competition and acts of unfair and deceptive business practices

27   in violation of California Business & Professions Code §§ 17200 *et seq.*

28        G.  A judgment that, by the acts complained of above, Defendants have

1    engaged in common law trademark infringement.

2          H.   A judgment that, by the acts complained of above, Defendants have

3    engaged in common law unfair competition.

4          I.   An injunction ordering that Defendants, their officers, agents,

5    servants, employees, and attorneys, and all other persons who are in active concert

6    or participation with them, who receive actual notice of the injunction order by

7    personal or other service, be enjoined and restrained from:

8                (1) manufacturing, ordering, accepting orders for, purchasing,

9    brokering, importing, exporting, advertising, marketing, promoting, supplying,

10   distributing, offering for sale, or selling any products that are not made or

11   authorized by Paul Frank that bear or utilize any Paul Frank trademark, including

12   but not limited to the Paul Frank Trademarks and the variation of the Julius Logo

13   depicted in the '099 Application, or any other mark or designation confusingly

14   similar thereto;

15               (2) using any false designation of origin, false representation, or any

16   false or misleading description of fact, that can, or is likely to, lead the consuming

17   public or individual members thereof, to falsely believe that any products or

18   services produced, offered, promoted, marketed, advertised, provided or sold by

19   Defendants are in any manner associated or connected with Paul Frank, or are

20   licensed, approved or authorized in any way by Paul Frank;

21               (3) copying, using, or displaying any copyrighted Paul Frank image or

22   material, including but not limited to the Julius Logo (including the variation

23   depicted in the '099 Application), in any manner in connection with the

24   production, distribution, marketing, and/or sale of products and services, including

25   but not limted to the use of the Julius Logo on any website owned or controlled by

26   Defendants (including but not limited to the Coastal Websites);

27               (4) representing or suggesting in any fashion to any third party, or

28   performing any act that may give rise to the mistaken belief that Defendants, or

1    any of their goods or services, are related to, authorized or sponsored by Paul

2    Frank;

3         (5) unfairly competing with Paul Frank in any manner whatsoever, or

4    engaging in any unfair, fraudulent or deceptive business practices that relate in any

5    way to the production, distribution, marketing, and/or sale of products and services

6    bearing or utilizing any Paul Frank trademark, including but not limited to the Paul

7    Frank Trademarks or the variation of the Julius Logo depicted in the '099

8    Application, or any other mark or designation confusingly similar thereto.

9         J.   An order pursuant to 15 U.S.C. § 1116(a) directing Defendants to file

10   with this Court and to serve upon Paul Frank's counsel, within thirty (30) days

11   after the entry and service on Defendants of an injunction, a report in writing and

12   under oath setting forth in detail the manner and form in which Defendants have

13   complied with the injunction.

14        K.   An order directing Defendants to deliver to Paul Frank for destruction

15   or other disposition all remaining inventory of all infringing products, including all

16   advertisements, promotional and marketing materials therefore, as well as means

17   of making same.

18        L.   An order pursuant to 15 U.S.C. § 1117(a) compelling Defendants to

19   account to Paul Frank for any and all profits derived from their unlawful and

20   infringing conduct.

21        M.   An order awarding Paul Frank damages as follows:

22        (1) pursuant to 15 U.S.C. § 1117(a), Paul Frank's actual damages, as

23   well as all of Defendants' profits or gains of any kind from their wrongful acts; or,

24   at Paul Frank's election, the maximum allowable amount of statutory damages

25   permitted under 15 U.S.C. § 1117(c) for Defendants' willful acts of trademark

26   infringement;

27        (2) pursuant to 15 U.S.C. § 1117(b), three times the amount of

28   Defendants' profits or Paul Frank's damages, whichever is greater, for Defendants'

1   acts of counterfeiting; or, at Paul Frank's election, the maximum allowable amount

2   of statutory damages permitted under 15 U.S.C. § 1117(c) for Defendants' willful

3   use of counterfeit marks;

4           (3) pursuant to 17 U.S.C. § 504(a), Paul Frank's actual damages as

5   well as all of Defendants' profits or gains of any kind for their acts of copyright

6   infringement; or, at Paul Frank's election, the maximum allowable amount of

7   statutory damages permitted under 17 U.S.C. § 504(c) for Defendants' willful

8   copyright infringement;

9           (4) punitive damages based on Defendants' unfair competition under

10  California common law.

11      N.  An order awarding Paul Frank its attorneys' fees as follows:

12          (1) pursuant to 15 U.S.C. § 1117(a), a determination that this is an

13  exceptional case of trademark infringement, false designation of origin and unfair

14  competition, and trademark dilution, entitling Paul Frank to its reasonable

15  attorneys' fees;

16          (2) pursuant to 15 U.S.C. § 1117(b), Paul Frank's reasonable

17  attorneys' fees based on Defendants' use of counterfeit marks; and

18          (3) pursuant to 17 U.S.C. § 505, Paul Frank's reasonable attorneys'

19  fees based on Defendants' copyright infringment.

20      O.  An order awarding Paul Frank all of its costs, disbursements and other

21  expenses incurred due to Defendants' unlawful conduct, pursuant to 15 U.S.C.

22  § 1117(a) and 17 U.S.C. § 505.

23      P.  An order awarding Paul Frank interest.

24      Q.  An order awarding Paul Frank such other relief as the Court deems

25  appropriate.

26

27

28

1    Dated:  March 7, 2013

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP

By _____
   Perry J. Viscounty
   Jennifer L. Barry
   David D. Troutman

Attorneys for Plaintiff
PAUL FRANK INDUSTRIES LLC

1

## **JURY DEMAND**

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule

3   38-1, Plaintiff hereby demands a trial by jury.

4   Dated:  March 7, 2013                           LATHAM & WATKINS LLP

5

6                                                   By

7                                                   Perry J. Viscounty
                                                    Jennifer L. Barry
8                                                   David D. Troutman

9                                                   Attorneys for Plaintiff
                                                    PAUL FRANK INDUSTRIES LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| PAUL FRANK INDUSTRIES LLC, a Delaware limited liability company, | ) ) ) ) **CV13-01664**E ) ) |
| *Plaintiff(s)* | ) Civil Action No. |
| v. | ) |
| COASTAL CONTACTS INC., a Canadian corporation; COASTAL VISION (US) INC., a Nevada corporation; and DOES 1-10, | ) ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:       David D. Troutman
                              Latham & Watkins LLP
                              650 Town Center Drive, 20th Floor
                              Costa Mesa, CA 92626-1925

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

**JULIE PRADO**

Date:  MAR - 8 2013 _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____           _____

                                                                    *Server's signature*

                                             _____

                                                                  *Printed name and title*

                                             _____

                                                                    *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| PAUL FRANK INDUSTRIES LLC,  a Delaware limited liability company. | COASTAL CONTACTS INC., a Canadian corporation; COASTAL VISION (US) INC., a Nevada corporation; and DOES 1-10. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Perry J. Viscounty & David D. Troutman (See "Attachment A") LATHAM & WATKINS LLP; 650 Town Center Drive, 20th Floor Costa Mesa, California 92626-1925; Telephone:  (714) 540-1235 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant      ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT: $** To be determined at trial.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114 Trademark Counterfeiting & Infringement; 15 U.S.C. § 1125(a)&(c) False Designation  of Origin and Dilution; 17 U.S.C. § 501 Copyright Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV13-01664

FOR OFFICE USE ONLY:      Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | COASTAL CONTACTS INC.: Canada<br>COASTAL VISION (US) INC.: Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date March 7, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# Attachment A

## <u>Attachment A to Civil Cover Sheet</u>

**(1) (b)   Attorneys (Firm Name, Address and Telephone Number.  If you
are representing yourself, provide same.)**

Jennifer L. Barry
LATHAM & WATKINS LLP
600 West Broadway, Suite 1800
San Diego, California  92101-3375
Telephone:  (619) 236-1234